| | |
|---|---|
| Janet Lindner Spielberg (SBN 221926)<br>**LAW OFFICES OF JANET LINDNER SPIELBERG**<br>12400 Wilshire Boulevard, #400<br>Los Angeles, California  90025<br>Tel:  (310) 392-8801<br>Fax:  (310) 278-5938<br>Email: jlspielberg@jlslp.com<br><br>Michael D. Braun (SBN 167416)<br>**BRAUN LAW GROUP, P.C.**<br>10680 West Pico Boulevard, Suite 280<br>Los Angeles, California  90064<br>Tel:  (310) 836-6000<br>Fax:  (310) 836-6010<br>Email: service@braunlawgroup.com | Joseph N. Kravec, Jr. (admitted *pro hac vice*)<br>Maureen Davidson-Welling (*pro hac* to be filed)<br>Wyatt A. Lison (*pro hac* to be filed)<br>**STEMBER FEINSTEIN DOYLE**<br>   **PAYNE & KRAVEC LLC**<br>Allegheny Building, 17th Floor<br>429 Forbes Avenue<br>Pittsburgh, PA  15219<br>Tel:  (412) 281-8400<br>Fax:  (412) 281-1007<br>Email:jkravec@stemberfeinstein.com<br>Emal:mdavidsonwelling@stemberfeinstein.com<br>Email: wlison@stemberfeinstein.com |

*ATTORNEYS FOR PLAINTIFFS*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **JAMES COLUCCI and KIMBERLY S. SETHAVANISH**, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>    v.<br><br>**ZONEPERFECT NUTRITION COMPANY**, a Delaware corporation,<br><br>                              Defendant. | CASE NO.: CV 11-4561 SC<br><br><u>**CLASS ACTION**</u><br><br>**PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiffs, by their attorneys, hereby voluntarily dismiss their claims against Defendant ZonePerfect Nutrition Company ("ZonePerfect") without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). ZonePerfect has not served an answer or motion for summary judgment and this dismissal will not bind any member of the proposed class, and thus Plaintiffs do not need a court order to dismiss their claims.

Plaintiffs are dismissing their federal action and re-filing their claims in California state court for the purpose of preserving their claims in the event federal jurisdiction does not exist under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). CAFA requires the matter in controversy to exceed $5 million, exclusive of interest and costs, for class members collectively. 28 U.S.C. §1332(d)(2). When Plaintiffs filed their action originally, they were confident that the amount in controversy exceeded $5 million based on ZonePerfect's nationwide sales of its nutrition bars and based on the ability to get a nationwide class certified for ZonePerfect's uniform conduct of labeling its nutrition bars as being "All Natural" despite containing non-natural ingredients.

After filing Plaintiffs' action, the Ninth Circuit Court of Appeals held that nationwide certification of claims alleging false advertising under California law may not be appropriate, depending on a fact-specific state-by-state choice of law analysis. *See Mazza v. American Honda Motor Co., Inc*., 666 F.3d 581 (9th Cir. 2012)(*en banc* review denied on March 16, 2012). Based on *Mazza*, Plaintiffs are now uncertain whether the amount in controversy exceeds $5 million for the class as it will depend on the size of any class certified. The amount in controversy for the class might exceed $5 million if the Court certifies a nationwide class or a large enough multi-state class. However, if the class is limited to a small number of states or a state-wide class, damages might not meet this Court's jurisdictional requirements under CAFA. If the Court finds it does not have jurisdiction under CAFA after a class is certified, it may not have the power to adjudicate the claims of the certified class.

Given this uncertainty, and out of an abundance of caution, Plaintiffs are dismissing their claims in federal court and refiling their action in state court. If ZonePerfect removes Plaintiffs' state court action, Plaintiffs do not and will not object to the action being assigned to Judge Conti for the purpose of continuing this litigation. However, should the Court find it does not have

jurisdiction under CAFA for the removed case due to the size of any class certified based on the amount in controversy, Plaintiffs will have ensured theirs and the class' claims in that the action can then be remanded to state court for further proceedings at that time rather than being dismissed.

Dated: April 27, 2012

**STEMBER FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**

By:   s/Joseph N. Kravec, Jr.
      Joseph N. Kravec, Jr.
      (admitted *pro hac vice*)

Wyatt A. Lison (*pro hac* to be filed)
Maureen Davidson-Welling (*pro hac* to be filed)
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
Email: jkravec@stemberfeinstein.com
      wlison@stemberfeinstein.com
      mdavidsonwelling@stemberfeinstein.com

Michael D. Braun (Bar No. 167416)
**BRAUN LAW GROUP, P.C.**
10680 W. Pico Blvd., Suite 280
Los Angeles, CA 90025
Phone: (310) 836-6000
Fax: (310) 836-6010
Email: service@braunlawgroup.com

Janet Lindner Spielberg (Bar No. 221926)
**LAW OFFICE OF JANET LINDNER SPIELBERG**
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Phone: (310) 392-8801
Fax: (310) 278-5938
Email: jlspielberg@jlslp.com

***ATTORNEYS FOR PLAINTIFFS***

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Samuel Conti]

---

3

Plaintiffs' Notice of Voluntary Dismissal; Case No. CV 11-4561 SC

<b>PROOF OF SERVICE</b>

STATE OF PENNSYLVANIA          )
                               )   ss.:
COUNTY OF ALLEGHENY            )

I am employed in the County of Allegheny, Commonwealth of Pennsylvania.  I am over the age of 18 and not a party to the within action.  My business address is 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, Pennsylvania 15219.

On April 27, 2012, I served the document(s) described as:

<b>PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL</b>

**[ X ]   BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:**
I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed.R.Civ.P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

Executed on April 27, 2012, at Pittsburgh, Pennsylvania.

                                                      /s Joseph N. Kravec, Jr.
                                                        Joseph N. Kravec, Jr.